Aguiar J.
This appeal raises the issue of whether the State Trial Court erred in denying the motion to dissolve an attachment where the trustee is the administrator of the Massachusetts State Carpenters Pension Fund which is governed by Federal Law under the Employment Retirement Income Security Act (ERISA) of 1974,29 U.S.C.; section 1000-00 et sec.
We find there is error.
On August 12,1991, Lois M. Toomey was appointed Executrix of the Estate of Joseph E. Toomey. Joseph E. Toomey, Jr. filed suit in the New Bedford District *182 Court claiming that the defendant has converted the personal property, including cash and other assets of the Estate, to her own personal use, having not made an accounting or any disbursement whatsoever to plaintiff or any other heirs of said Estate. This suit was dated May 18, 1994. Plaintiff filed a Motion for Ex Parte Trustee Process seeking to attach the defendant, Lois M. Toomey’s goods, effects and monies held by the Trustee, Herbert R. Skane, Administrator of the Massachusetts State Carpenters Pension Fund, which was allowed on April 9, 1996, in the amount of $7,000.00. On April 30,1997, the judge denied defendant Trustee’s motion to dissolve attachment. The Trustee appealed.
There was an agreement for judgment in the U.S. District Court in a suit between Mary E. Toomey against Lois M. Toomey and Herbert R. Skane, Administrator of the Massachusetts State Carpenters Pension Fund. Herbert R. Skane was to make payments to Mary E. Toomey and Mary E. Toomey was to pay Lois M. Toomey $10,000.00. The parties agreed to dismiss any and all other claims, counterclaims or cross claims that each had against the other and to waive all rights of appeal. This agreement was dated January 25,1996.
Plaintiff argues as follows: (1) The trustee attachment is not a claim which relates to an employee benefit plan. (2) The United States District Court entered a final judgment in the Federal case and that said judgment resulted in funds which were the property of Lois M. Toomey, in the possession of the Trustee. (3) At that point, the Federal case was over and the only thing left to be done was to pay Lois M. Toomey her money. (4) The trustee attachment allowed by the State District Court in no way effects the “ERISA” matters decided by the Federal Court. All the State District Court attachment does is tell the trustee not to disburse to Lois M. Toomey $7,000.00 of her money in order that it will be available to satisfy a potential judgment against her in the State District Court action. (5) The attachment is not a claim because it does not seek to tell the trustee or the pension fund that anyone is entitled to any such funds nor does it seek to tell the trustee or the pension fund how to allocate funds among persons who may be entitled to such funds. Any claims which relate to the employee benefit plan were resolved by the Federal Court. (6) The trustee is not unduly burdened or prejudiced by the attachment. The trustee took no action to dissolve the attachment for over ten months.
Defendants argue as follows: that the attachment was a claim and that ERISA preempts Massachusetts law and that the Federal Court had jurisdiction in this area. We agree with the defendants.
The trustee attachment is an interference by the State in a Federal program and stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress. Boggs v. Boggs, 117 S.Ct. 1754, 21 Employee Benefits Cases 1047 (June 1997), appears to be directly on point. The Court said, “it does not matter that respondents have sought to enforce their rights only after the retirement benefits have been distributed since their asserted rights are based on the theory that they had an interest in the undistributed pension plan benefits. Their state-law claims are preempted. The judgment of the Fifth Circuit is reversed.”
The Supreme Court further stated, “it would be inimical to ERISA’s purposes to permit testamentary recipients to acquire a competing interest in undistributed pension benefits, which are intended to provide a stream of income to participants and their beneficiaries.”
Persons with an interest in a pension plan may bring a civil suit under ERISA’s enforcement provisions only if they are either a participant or beneficiary. The plaintiff, Joseph E. Toomey, Jr., is not a participant or a beneficiary under the pension plan. The Supreme Court further said, “reading ERISA to permit non-beneficiary interests, even if not enforced against the plan, would result in troubling anomalies. Either pension plans would be run for the benefit of only a subset of *183 those who have a stake in the plan or state law would have to move in to fill the apparent gaps between plan administrative responsibilities and ownership rights, resulting in a complex set of requirements varying from State to State. Neither result accords with the statutory scheme.”
ERISA’s express preemption clause states that the act “shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan.” In the face of this direct clash between state law and the provisions and objectives of ERISA the state law cannot stand.
For all of the above reasons, we find there was error in denying the motion to dissolve the attachment and the attachment is hereby dissolved.